124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robin R. SEVERTSON, Plaintiff-Appellant,
v.
Dennis HANNAN and J.J. Security, Incorporated, Defendants-Appellees.
 No. 96-2542.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 13, 1997*.
Decided August 14, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No.95 C 170 John W. Reynolds, Judge.
 Before HON. JOHN L. COFFEY, HON. JOEL M. FLAUM, and HON. MICHAEL S. KANNE, Circuit Judge.
 
 ORDER
 
 1
 Robin Severtson sued her employer, JJ Security, and her supervisor, Dennis Hannan, alleging quid pro quo sexual harassment under Title VII of the Civil Rights Act, 42 U.S.C. § 1981, et seq. At trial, Severtson attempted to show that Hannan subjected her to verbal and physical sexual assaults during work hours and that on one evening he raped her. Further, she alleged that he later threatened to fire her if she did not continue to provide him with sex. Hannan denied all the allegations. After the jury returned a verdict in favor of the defendants, Severtson filed a timely motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. She now appeals the district court's denial of that motion, arguing that the jury's composition was unconstitutional; that the district court improperly refused to allow her to call rebuttal witnesses; and that the court unfairly limited her cross-examination of the defendants' witness. For the reasons stated below, we affirm.
 
 
 2
 This court reviews a district court's denial of a motion for a new trial for an abuse of discretion. See Medcom Holding Co. v. Baxter Travenol Labs., Inc., 106 F.3d 1388, 1397 (7th Cir.1997); Jackson v. Bunge Corp., 40 F.3d 239, 244 (7th Cir.1994). First, Severtson argues that the district court abused its discretion in denying her motion for a new trial based on her challenge to the jury impanelment. At jury selection, Severtson's counsel objected to the defendants' exercise of peremptory challenges to exclude two women and one African-American from the venire. According to Severtson, the defendants' use of peremptory challenges violated equal protection and the principles established in Batson v. Kentucky, 476 U.S. 79 (1986). In response, the defendants explained that they wanted jurors with office-setting or management experience, and that they therefore struck Mr. Baker, an African-American, because he lacked that background.[1] (Appellee's Br.App. at D4-7.) As for their strikes against the two women, the defendants explained that they struck Ms. Hunkins because she was divorced and they preferred not to have jurors with potentially "deteriorating relationships" decide a sexual discrimination case. Id. The other woman, Ms. Hogan, was struck based on her statement that although in her job she "hires and fires people," she did not have "any problems with regard to the work place." Id. The defendants' counsel stated that "frankly, we find it somewhat unusual that when you hire and fire people, you don't have any problems in the workplace." Id. After listening to these explanations, Judge Reynolds denied Severtson's Batson challenge.
 
 
 3
 Severtson again challenged the defendants' peremptory strikes in her Rule 59 motion for a new trial, alleging only that "[t]he defense exercised all three of it[s] peremptory challenges in an unconstitutional manner striking from the jury the only black juror and two women." The plaintiff did not file a memorandum in support of this claim or otherwise make arguments in response to the defendants' explanations of their peremptory challenges. The defendants responded that they gave legitimate race- and gender-neutral reasons for their strikes. Judge Reynolds denied the Rule 59 motion, concluding that "the plaintiff has given no additional support for her [Batson challenge], the court rejects this argument for a new trial."
 
 
 4
 Now, on appeal, Severtson challenges the defendants' explanations for their peremptory strikes, arguing that they were pretext for intentional discrimination. She contends that the proffered reason for striking Mr. Baker was illusory because the defendants did not strike two white males who likewise lacked the desired office-setting or management experience. Further, Severtson argues that the "pretext of the reasons advanced by the defendants' counsel [was] transparent," noting that the defendants did not object to certain male jurors who--according to plaintiff--gave responses similar to those given by Ms. Hunkins and Ms. Hogan. (Appellant's Br. at 10.) Moreover, Severtson argues that we should not accord deference to the trial judge's decision on her Batson challenge because he failed to make sufficient findings on her objections and "ignored the issue" by resolving it summarily.
 
 
 5
 We begin by noting that if Severtson wanted to challenge the sufficiency of Judge Reynolds' findings to her Batson challenge, she should have developed this objection and supported it in her Rule 59 motion. But as previously stated, Severtson's motion merely repeated, in a conclusory manner, her objection to the defendants' peremptory strikes; she neither challenged the sufficiency of Judge Reynold's findings, nor the legitimacy of the defendants' proffered reasons for their strikes. Hence, there is nothing in the record to support her arguments on appeal, and she has waived these arguments by not presenting them below. See Henderson v. DeTella, 97 F.3d 942, 946 (7th Cir.1996) (issue not presented to district court is beyond scope of appellate review), cert. denied, 117 S.Ct. 1471 (1997); Bratton v. Roadway Package System, Inc., 77 F.3d 168, 173 n. 1 (7th Cir.1996) (argument that is not developed in any meaningful way is waived); United States v. Haddon, 927 F.2d 942, 956 (7th Cir.1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim [for appellate review].").
 
 
 6
 Even if we were to consider her arguments, she is not entitled to relief The Supreme Court has articulated three-step process in evaluating Batson challenges such as that made by Severtson: (1) she must establish a prima facie case; (2) the defendants must then articulate nondiscriminatory reasons for the strikes; and (3) the district court must then determine whether Severtson has carried her burden of proving purposeful discrimination, a decision subject to deferential review. See Batson, 476 U.S. at 96-98; United States v. Hunter, 86 F.3d 679, 682-83 (7th Cir.), cert. denied, 117 S.Ct. 443 (1996). Here, the preliminary issue of whether Severtson made a prima facie showing is moot because the defendants offered race- and gender-neutral explanations for the preemptory challenges and the district court ruled on the ultimate question of intentional discrimination. See Hernandez v. New York, 500 U.S. 352, 359 (1991); United States v. Cooper, 19 F.3d 1154, 1160 (7th Cir.1994); see also McCain v. Gramley, 96 F.3d 288, 292 (7th Cir.1996) (where the issue of establishing a prima facie case of discrimination is moot, "a race-neutral explanation shifts the burden back to [the movant] to prove intentional discrimination"), cert. denied, 117 S.Ct. 1320 (1997). We thus proceed to the second and third levels of the analysis. "To survive a Batson challenge, unlike a challenge for cause, a peremptory strike need not be based on a strong or good reason, only founded on a reason other than race or gender. [In addition,] "unless a discriminatory intent is inherent in the [nonmovant's] explanation, the reason will be deemed race-neutral." United States v. James, 113 F.3d 721, 730 (7th Cir.1997) (internal citations and quotations omitted); accord Cooper, 19 F.3d at 1160 (district court must accept the proffered reasons for the strike unless they are inherently discriminatory). Striking Mr. Baker because he lacked office-setting or management experience is not inherently discriminatory, even if other venirepersons also lacked that experience. Severtson has cited no rule, and we have found none, requiring consistent application of strikes as to all venirepersons who may possess the offending characteristics. The only constitutional requirement is that parties not base their strikes upon racial or gender characteristics. See Batson, 476 U.S. at 97; James, 113 F.3d at 730. Similarly, there is nothing inherently discriminatory in the defendants' explanations for striking Ms. Hunkins and Ms. Hogan. Hence, we conclude that Severtson has failed to show that the district court abused its discretion in denying Severtson's motion for a new trial based on her Batson challenge.
 
 
 7
 Second, Severtson argues that she is entitled to a new trial because the district court refused to allow her to call certain rebuttal witnesses. The record shows that at trial Severtson wished to call a witness by the name of Richards and two doctors. Although the basis for calling the doctors is not in the record, they presumably would testify regarding Severtson's injuries. Richards, on the other hand, was expected to impeach one of the defendants' witnesses. At trial, Judge Reynolds remarked that these witnesses were not on Severtson's witness list and that the trial was exceeding its scheduled time. Nevertheless, he stated that Severtson could call rebuttal witnesses if hearing their testimony was in the interest of justice and if there was a compelling reason to call them. In response, Severtson's counsel stated that there was "nothing compelling" about any of the rebuttal witnesses.
 
 
 8
 The defendants argue that Severtson has thus waived any challenge to the district court's ruling. We agree. In Doe, By and Through G.S. v. Johnson, 52 F.3d 1448, 1457 (7th Cir.1995), we held that counsel "abandoned his objection to the limiting of [the witness's] testimony by not pursuing it or requesting of the presiding judge that she make a specific ruling as to why it was sustained." In this case, the rationale denying appellate review is even stronger. Unlike in Doe, Severtson's counsel condoned rather than objected to Judge Reynold's exclusion of Severtson's rebuttal witnesses. Hence, nothing in the record supports Severtson's claim that the district court's ruling constitutes an abuse of its discretion.
 
 
 9
 Third, Severtson argues that the district court impeded her right to a fair trial by improperly limiting her cross-examination of defendant Hannan about a specific instance of alleged forgery. Earlier, over the defendants' objection, Severtson had been allowed to testify that Hannan had forged patients' signatures for a chiropractor. The defendants later recalled Hannan to deny this allegation. When asked whether he had forged any insurance documents, Hannan replied: "No I didn't. That would be against the law." (Appellee's Br. at 32.) Arguing that this response "opened the door" to Hannan's credibility and character, Severtson contends that Judge Reynolds erred in sustaining the defendants' objection to Severtson's attempted cross-examination of Hannan about another instance of forgery. (Severtson made an offer of proof regarding Hannan's alleged forgery of an employee's work permit). Moreover, she argues that he abused his discretion in denying her motion for a new trial on this ground.
 
 
 10
 Severtson is faced with "an onerous burden because a reviewing court gives special deference to the evidentiary rulings of the trial court." Finchum v. Ford Motor Co., 57 F.3d 526, 529-30 (7th Cir.1995) (internal quotations and citations omitted). This discretionary standard "is met only when the trial judge's decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based that decision, or where the supposed facts found are clearly erroneous." Id. at 530 (internal quotations and citation omitted). Even when an evidentiary error is demonstrated, our review, governed by Federal Rule of Civil Procedure 61, is limited to those evidentiary rulings which affected the substantial rights of the parties. See id; Fed.R.Civ.P. 61. In total, Severtson's motion for a new trial alleged that "[t]he trial court erred in refusing the testimony of the plaintiff that the defendant, Dennis Hannan, had forged company documents." But as previously indicated, and as noted by the district court, she "has not explained why the ruling was incorrect or what was the substantial prejudice." Hence, nothing in the record shows that the district court abused its discretion in denying her motion for a new trial on this ground.
 
 
 11
 Accordingly, the judgment of the district court is AFFIRMED.[2]
 
 
 
 *
 After an examination of the record and the briefs, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 During the voir dire, Mr. Baker stated that he works as a machine operator. (Appellee's Br.App. at D4-7.)
 
 
 [2]
 The defendants have filed a motion in this court for sanctions under Fed. R.App. P. 38. Having considered Severtson's submissions to this court, we conclude that, although the appeal had little merit, it was not wholly frivolous. Accordingly, we will deny the motions for sanctions